UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JAMISON, | 1:12-CV-00179 BAM HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| R. H. TRIMBLE, Warden, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

On February 8, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. On February 16, 2012, he consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

1  (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes
2  to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to
3  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
4  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
5  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

6       In this case, Petitioner claims a prison appeal coordinator is not processing his inmate appeal
7  alleging medical malpractice and deliberate indifference in the proper manner.  Since Petitioner is
8  challenging the conditions of his confinement, not the fact or duration of that confinement, Petitioner
9  is not entitled to habeas corpus relief and this petition must be dismissed.  Should Petitioner wish to
10 pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## CERTIFICATE OF APPEALABILITY

12      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
13 district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
14 El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue
15 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

16     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
    district judge, the final order shall be subject to review, on appeal, by the court
17     of appeals for the circuit in which the proceeding is held.

18     (b) There shall be no right of appeal from a final order in a proceeding to test the
    validity of a warrant to remove to another district or place for commitment or trial
19     a person charged with a criminal offense against the United States, or to test the
    validity of such person's detention pending removal proceedings.
20
    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
21         appeal may not be taken to the court of appeals from–

22       (A) the final order in a habeas corpus proceeding in which the
      detention complained of arises out of process issued by a State
23       court; or

24       (B) the final order in a proceeding under section 2255.

25     (2) A certificate of appealability may issue under paragraph (1) only if the
    applicant has made a substantial showing of the denial of a constitutional right.
26
    (3) The certificate of appealability under paragraph (1) shall indicate which
27     specific issue or issues satisfy the showing required by paragraph (2).

28      If a court denies a petitioner's petition, the court may only issue a certificate of appealability

"if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **February 21, 2012**                             **/s/ Barbara A. McAuliffe**
                                                                          UNITED STATES MAGISTRATE JUDGE